IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FURNACE AND TUBE SERVICE, INC.** | § § § | **PLAINTIFF/THIRD PARTY DEFENDANT/COUNTER DEFENDANT** |
| v. | § § | **CAUSE NO. 1:09CV374 LG-RHW** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | § § § § | **DEFENDANT/THIRD PARTY PLAINTIFF/COUNTER CLAIMANT** |
| v. | § § § | |
| **THE GRAY INSURANCE COMPANY, and MISSISSIPPI PHOSPHATES CORP.** | § § | **THIRD PARTY DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER REGARDING GRAY INSURANCE COMPANY'S DUTY TO DEFEND

BEFORE THE COURT are cross-motions for summary judgment filed by The Gray Insurance Company and Westchester Surplus Lines Insurance Company. Both seek judgment on the question of whether Gray Insurance Company owes Furnace and Tube Service, Inc. a continuing duty to defend and indemnify Furnace and Tube and a corresponding duty to indemnify Westchester for all costs it incurs in defending Furnace and Tube. The motions have been fully briefed by all parties. The Court concludes that Gray has no further duty to defend Furnace and Tube, nor must it indemnify Westchester. Accordingly, Gray's Motion will be granted and Westchester's Third-Party claims dismissed.

FACTS AND PROCEDURAL HISTORY

This case is related to *Mississippi Phosphates Corp. v. Furnace and Tube Service, Inc., et al.*, No. 1:07cv1140 LG-RHW, in which the parties partially litigated Mississippi Phosphates' claims against companies that had done work at its plant - Furnace and Tube Service, Inc. and Analytic Stress Relieving - and the extent of Gray Insurance Company's duty to indemnify

Furnace and Tube. Mississippi Phosphates eventually settled $5 million of its damages caused by Furnace and Tube for a total of $4.2 million. Furnace and Tube paid $100,000, and Gray Insurance Company paid $4.1 million. Mississippi Phosphates continues to seek damages above $5 million from Furnace and Tube. Gray contends that it has fully discharged its duties to Furnace and Tube.

Furnace and Tube filed this declaratory judgment action against its excess insurer, Westchester, to compel it to provide a defense and coverage. Westchester argues that Gray did not exhaust its limits of liability by paying $4.1 million. Consequently, Westchester seeks an order declaring that Gray must provide Furnace and Tube a defense until Gray's policies' limits of liability have been reached, and also must reimburse Westchester for costs it has or may expend in defending Furnace and Tube. For its part, Gray seeks a determination that it has no duty continue to defend and indemnify Furnace and Tube or to indemnify Westchester for costs incurred in defending Furnace and Tube. The Court determined in the underlying action that Louisiana law applies to the interpretation of the Gray insurance policies.

## DISCUSSION

Westchester argues that the incidents in the underlying lawsuit span two Gray policy periods, triggering two separate limits of liability. Therefore, in order to fulfill its duties under the policies, Gray was required to make available each of the policies' limits, for a total of $10 million, before Westchester had any obligation to Furnace and Tube. Westchester contends that "Gray's $4,100,000 contribution to Furnace and Tube's settlement does not meet Westchester's effective attachment point in either policy period. Even if Gray's payment exhausted one policy period . . . no amount has been paid by Gray for the other policy period that was triggered." Ct.

R. 36 p. 16-17. From this, Westchester concludes that Gray has both a continuing duty to defend Furnace and Tube in the underlying lawsuit and a duty to indemnify it for costs of defense.

Gray argues that it has no duties to Westchester. Its only duties are those created by its contracts of insurance with Furnace and Tube, and Gray has discharged those duties by defending Furnace and Tube to the limits of its coverage. Gray's duty to defend terminated when it reached an agreement with Mississippi Phosphates and Furnace and Tube to pay $4.1 million in exchange for release of what Gray contends was its entire liability to Mississippi Phosphates. Gray argues that under *Gasquet v. Commercial Union Insurance Company*, 391 So. 2d 466 (La. Ct. App. 1980), a primary policy is exhausted when the primary carrier secures for its insured a reduction in the insured's liability equal to the amount of the primary policy - regardless of how much or little it costs the primary carrier to secure this reduction. Further, "the word 'payment' in an insurance policy does not have to mean only payment in cash." *Id*. at 471.

Westchester cites *Federal Insurance Company v. Srivastava*, 2 F.3d 98 (5th Cir. 1993), in support of its opposing argument. In that case, the Fifth Circuit analyzed a similar settlement scenario, where liability for the first $22 million of a trial court judgment was settled by the first three layers of insurance for $8.5 million. *Id*. at 100. The last remaining excess insurer did not participate in the settlement and contested whether the loss, as defined by the policy, reached its layer of coverage. The court found first that an excess insurer's coverage begins when the loss exceeds all underlying policy limits. *Id*. at 102. "The coverage layer begins there regardless of whether the underlying insurers actually pay those policy limits." *Id*. The court went on to determine that the policy language required that there be a final determination of the underlying insurers' obligations to pay before the last excess insurer would have liability for any additional

amount:

> The policy requires Federal to pay "[u]pon final determination of loss." A trial court judgment on appeal with execution suspended by supersedeas is not a final determination of loss under the policy. We conclude that a loss occurred when the state court of appeals issued the mandate following dismissal of the appeal, after the partial settlement. At that time, there was a fixed amount "payable in cash."

*Id*. at 103. Thus, the Fifth Circuit had no difficulty with the first layers of insurance settling a claim for policy limits for payment less than policy limits, but found the parties' agreement about the amount of the loss did not trigger the excess policy. As required by the policy language, only a "final determination of loss" above the limits of the underlying policies would trigger the excess policy. The court concluded that the excess insurer had no liability because its policy had not been triggered. *Id*. It did not hold that the insurers providing the first layers of insurance owed a continuing duty to defend the insured or to indemnify the excess insurer.

If Westchester is correct in its assertion that the incident in the underlying suit spanned two Gray policy periods and the coverage was actually $10 million, then Westchester's liability may begin when the $10 million threshold is reached, rather than the $5 million that was settled by agreement. Westchester may be successful in its efforts to avoid liability to Furnace and Tube to this extent, but the Court has not found any authority to compel Gray to perform any additional duties in regard to its insurance policies with Furnace and Tube or to indemnify Westchester. Instead, "[Louisiana] jurisprudence is explicit that the excess insurer is only entitled to credit for the primary coverage and has no right to prevent the primary insurer from settling its liability for less than the primary limits nor to recoup any payments which the excess insurer is required to make." *Pac. Employers Ins. Co. v. United Gen. Ins. Co.*, 664 F. Supp. 1022, 1023-24 (5th Cir. 1987) ("We perceive no plausible argument in support of a woefully lacking duty risk-

relationship between the two insurers which would have to exist to form a basis for tort recovery.") Accordingly, Gray is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [33] for Summary Judgment of Third-Party Defendant The Gray Insurance Company is **GRANTED**. The Third-Party Complaint for Declaratory Judgment filed against it by Westchester Surplus Lines Insurance Company is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2010.

                                         s/ *Louis Guirola, Jr.*
                                         LOUIS GUIROLA, JR.
                                         UNITED STATES DISTRICT JUDGE